Filed 1/26/16  P. v. Calvin CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064328 |
| v. | (Super.Ct.No. RIF096334) |
| CALVIN JAMES CALVIN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Calvin James Calvin, in pro. per.; and Jennifer A. Gambale, under appointment by

the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## FACTUAL AND PROCEDURAL HISTORY

On March 30, 2001, defendant and appellant Calvin James Calvin was charged with four counts of grand theft exceeding $400, in violation of Penal Code[1] section 487, subdivision (a) (count Nos. 21, 23, 27, 32). The indictment further alleged that defendant committed a theft in an amount exceeding $100,000, in violation of section 1203.045, subdivision (b); took or destroyed property of a value exceeding $150,000, in violation of section 12022.6, subdivision (a)(2); and engaged in a pattern of felony conduct that involved the taking of more than $500,000, in violation of section 186.11, subdivision (a)(1) and (2).

On February 27, 2003, a jury convicted defendant on all four counts of grand theft. The jury did not find any of the enhancements to be true. On April 1, 2003, the court sentenced defendant to serve five years in state prison. The court also awarded defendant 189 days of credit for time served. As for restitution, the prosecutor informed the court that there would be a problem determining an actual amount lost for each victim, and that he could not come up with an "actual number." No victim restitution was ordered by the court.

On December 29, 2014, subsequent to the passage of Proposition 47, defendant filed a petition for resentencing. In the petition, defendant stated that there was no evidence that he committed a theft in excess of $950, and thus, his grand theft convictions should be reduced to misdemeanors. On May 16, 2015, the People filed an

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

opposition stating that defendant was not entitled to the relief requested because "per [the] indictment, [the] loss [was] over $100,000," and defendant "was engaging in real estate fraud." The court summarily denied the petition on July 10, 2015.

On August 19, 2015, defendant filed a timely notice of appeal.

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On December 24, 2015, defendant filed a 13-page handwritten brief. In his brief, defendant essentially challenges his underlying convictions from 2003, not the ruling on his petition for resentencing. Defendant argues that the evidence did not support his convictions. Defendant also contends that the trial court was biased: "I will never forget the way Judge McConaghy looked at my wife at sentencing with such venom hate. Keep in mind wife is a spitting image the actress Ms. Angelina Jolie. [¶] Racism is like cancer, destroy's any thing it penitrate's. Appellant the victim." (*Sic*.) Defendant goes on to argue that "this court has the authority to modify the jury's verdict or grant a new trial on the Penal Code section 487 subdivision (a)." (*Sic*.) Defendant should have raised these issues on direct appeal from the 2003 judgment. It is now too

3

late to raise these arguments on an appeal from the trial court's denial of defendant's petition for resentencing under Proposition 47.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.

4